# Federal Defender Services
# Of Wisconsin, Inc.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260–9900
Facsimile 608-260–9901

November 15, 2018

U.S. Magistrate Judge
Stephen Crocker
United States District Court
120 N. Henry Street, Rm 320
Madison, WI 53703

      Re:    United States of America v. *Jeremey Ryan*
              Case No. 18-cr-152-jdp

Dear. Judge Crocker

      This letter is meant to address several points that will arise at today's hearing and I apologize for the late filing, personal matters have occupied my time yesterday and this morning. There is nothing easy about this case, and this letter will (I hope) obviate the need to discuss some matters in front of Mr. Ryan in open court. With that in mind the defense provides these three points:

      First, Mr. Ryan has expressed his strong desire to have a speedy trial and invoke his rights under the Speedy Trial Act. Defense counsel is aware that trials are now booked into April, but whatever accommodation can be made to honor Mr. Ryan's rights would be greatly appreciated, including (if possible) starting the trial mid-week.

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

Second, the defense does not believe the government has meant its burden to have Mr. Ryan sent off for a competency evaluation. We will not object to a local one being done, but we do object to him being sent off to the BOP, which will prolong this trial. The defense is aware of some of Mr. Ryan's mental health history alluded to in the government's filing. But the defense does not have, nor has it seen, all of the records that the government has available to them. So the defense is not in a position to clarify or rebut very much of its argument. That being said the government's argument comes down to two things: first Mr. Ryan's encounter with Chapter 51 proceedings six years ago; second, his self-reported statements that seem to be contradicted or cannot be substantiated.

Concerning the first, events that happened six years ago (without more) have no bearing on whether today he is competent to stand trial. The diagnoses recited in the government's letter are not of the sort that even if present today would call into question his competency. Concerning the second, Mr. Ryan's refusal or failure to acknowledge prior mental health treatment can be attributed to many things, including possibly the desire for privacy or a belief that whatever happened in those proceedings constituted "mental health treatment." So those proceedings from years ago, do not mean that the government has established the requisite burden. The defense does, however, acknowledge that the self-reported brain cancer, without any verification is problematic and indicative of many things—though it is not emblematic of his inability to participate in his defense or appreciate the proceedings.

Indeed, the defense does not have *any* discovery in this case, but from what has been offered in the government's pleadings and its witness at the last hearing, Mr. Ryan's statements were not of the sort that exhibit such delusion that he would not be competent. After all, and from prior cases, those who believe that with the fourth blood moon, the reign of Prince William (a/k/a the anti-Christ) will be ushered in with the New World Order, have been found competent; as have, those that believe that the Court is not legitimate and has no authority based on the tassels that appear on the flag in courtroom 460. In those cases, the defendants have been competent and there is nothing here that stands above the behavior exhibited in those cases.

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

Third, in an effort to work within the Western District's maxim of not looking for trouble, the defense would recommend this solution or compromise to the government's concerns which will naturally play into the Court's concerns of release or detention for bond. It is the defense's firm belief that Ryan does not need to be sent off for an evaluation. That will only further delay this case and frustrate Ryan's desire for a speedy trial. Instead, the defense would ask that he be evaluated by one of the Court's local mental-health professionals. Like this Court did in *United States v. Fadden,* the Court can order a competency exam and that the "examiner provide a more general mental health examination, diagnosis and prognosis, including any treatment directives." 15cr100, R.53:1. That will be a good use of resources and bring (it's hoped) every side to where it needs to be: can Ryan proceed to trial and is he a danger to the community, such that he must be detained pending that trial.

Sincerely,

/s/ Joseph A. Bugni

Joseph A. Bugni
Associate Federal Defender