IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

JEREMY J. RYAN,

                Defendant.

ORDER

18-cr-152-jdp

---

Several motions are before the court, including multiple motions to dismiss the indictment as to the charges under 18 U.S.C. § 2332i, a motion to compel the government to produce the grand jury instructions, and a motion for a bill of particulars. Dkts. 63–67. But before I can resolve these motions, defendant Jeremy Ryan must provide additional information.

**A. Motions to dismiss**

Among other things, § 2332i prohibits knowingly and unlawfully attempting to possess radioactive material with the intent to cause death or serious bodily injury. Ryan contends that the charge under § 2332i must be dismissed because (1) the statute doesn't apply to his conduct; and (2) Congress did not have the constitutional authority to enact the statute. An important question that is implicitly raised but not adequately addressed by the parties' briefs is what facts I may consider in deciding the motions to dismiss.

Ryan includes nearly 50 pages of facts in his opening brief; the government includes 10 pages. Both sides rely extensively on the facts they cite. For example, Ryan states repeatedly throughout his briefs that § 2332i doesn't apply to him because he was attempting to use

Polonium-210 to kill himself rather than another person.[1] In his reply brief, he relies on allegations about the amount of polonium that he believed he was receiving and the properties of polonium and its dangerousness relative to other substances.[2] He says that those facts are relevant both to the question whether the statute applies to him and to the question whether there is a sufficient federal interest in this case to justify a federal statute. For its part, the government relies on allegations about how Ryan tried to obtain polonium, how difficult it is to obtain polonium, how dangerous polonium is, internet searches Ryan performed, and emails he wrote describing what he wanted to do with the polonium.[3]

Missing from both parties' briefs is an argument regarding why it is appropriate to consider any of these facts on a motion to dismiss. Near the end of his opening brief, Ryan says that the court has the power to decide his motions to dismiss because "courts may entertain motions that require it to answer only pure questions of law." Dkt.79-2, at 79 (citing *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010)). But as the discussion above should make clear, Ryan's motion doesn't present a "pure question of law."

Ryan also quotes *United States v. Covington*, 395 U.S. 57, 60 (1969), for the proposition that a court may decide a motion to dismiss "if trial of the facts surrounding the commission

---

[1] *E.g.*, Dkt. 79-2, at 54 (referring to his conduct as a "fanciful suicide attempt[]"); *id.* at 55 ("Ryan was getting the material to kill himself"); *id.* at 78 ("Ryan . . . wanted the Po210 to cause death—he was going to use it to kill himself, in hopes that it would mimic the signs of having died from cancer.").

[2] *E.g.*, Dkt. 103, at 5 ("Ryan intended to self-harm with Po210 but never learned what quantity to expect in the package; rather, the agent had total control over the dose of 'Po210' he would send to Ryan."); *id.* at 6 (unlike cyanide, "an alpha-emitter . . . is only deadly when ingested and . . . can't pierce through a piece of paper"); *id.* at 7–8 ("Polonium-210 . . . sounds an awful lot like Plutonium but there is a world of difference between them.").

[3] *E.g.,* Dkt. 89, at 22–23, 39–41, 42, and 46.

of the alleged offense would be of no assistance in determining the validity of the defense." But *Covington* isn't helpful, for two reasons. First, the primary fact that Ryan relies on is that he was trying to commit suicide, not murder. But the indictment doesn't allege that Ryan intended to commit suicide, only that he intended "to cause death or serious bodily injury." Dkt. 107. So the issue of Ryan's intent would be relevant at trial.[4]

Second, even as to facts that would not be relevant at trial, *Covington* doesn't provide a standard for finding facts. The other cases Ryan cites don't provide a standard either. On this point, Ryan says only that the court can rely on undisputed facts. Ryan doesn't cite any authority for that proposition, but it is a reasonable assumption. The problem is that the parties haven't provided the court any stipulated facts.

I will give Ryan an opportunity to clarify this issue. Specifically, Ryan should do one of the following things: (1) submit a set of undisputed facts that the parties agree the court can consider in deciding the motion to dismiss; (2) articulate a standard with supporting authority as to how the court should determine which facts it may rely on, including whether an evidentiary hearing is needed; (3) inform the court in writing that he is no longer relying on any facts to support his motions to dismiss; or (4) show cause why none of the first three options are required. I will ask the government to respond if necessary.

---

[4] In his reply brief, Ryan suggests that the government has conceded that his "purpose in acquiring Po210 was to poison himself." Dkt. 103, at 6. But that doesn't appear to be accurate. In its opposition brief, the government cites emails that it says are evidence that Ryan wanted to harm others. *E.g.*, Dkt. 89, at 46 (citing email in which Ryan discussed making multiple polonium orders because "there are a lot of people that have fucked me over and I don't care about but would love to use this on").

## B. Other motions

In his reply brief, Ryan says that his motions to compel the grand jury instructions and for a bill of particulars are moot in light of his "imminent conditional plea," Dkt. 103, at 5, so he didn't address any of the arguments that the government raised in its opposition brief. But Ryan has now represented through counsel that he will not be entering a conditional plea. Dkt. 110. So I will give him an opportunity to respond to the government's arguments now.

### ORDER

IT IS ORDERED that:

1. Defendant Jeremy Ryan may have until July 18, 2019, to address the court's questions related to fact finding on his motions to dismiss.

2. Ryan may also have until July 18 to submit a reply brief in support of his motion to compel the government to produce the grand jury instructions and his motion for a bill of particulars. If Ryan doesn't respond by that date, I will assume that he is withdrawing those two motions.

Entered July 10, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge