

**U.S. Department of Justice**

**Scott C. Blader**
**United States Attorney**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

Address:
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

August 9, 2019

Attorney Joseph Bugni
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, WI 53703

      Re:    *United States v. Jeremy J. Ryan*
             Case No. 18-cr-00152-jdp

Dear Attorney Bugni:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.    The defendant agrees to plead guilty to Count 2 of the superseding indictment in this case. This count charges a violation of Title 18, United States Code, Sections 831(a)(1)(B) and (a)(8), which carries maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

August 9, 2019
Page 2

3.  The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment of 87 months or less, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

4.  The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.  The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before August 12, 2019.

6.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and based on an individualized assessment of the defendant and the factors set forth in 18 U.S.C. § 3553(a), the parties agree that a sentence of time served as of the date of sentencing is the appropriate disposition of the case, and understand that if the Court accepts this plea agreement, the Court will be bound by this recommendation. If the Court rejects the plea agreement and declines to impose a sentence of time served consistent with the recommendation, either party may withdraw from the plea agreement. The parties are free to argue for or against the imposition of a term of supervised release.

7.  The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of

August 9, 2019
Page 3

Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the superseding indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report. The United States also agrees to move to dismiss the remaining count of the superseding indictment at the time of sentencing.

8. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 5 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting.

9. In the event of an appeal of the sentence, by either party under the terms of this agreement in paragraph 3, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

10. Other than set forth in this plea agreement, sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

11. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed, other than what is contained in this plea agreement. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. By your signatures below, you and the defendant also acknowledge that

August 9, 2019
Page 4

this is the only plea agreement in this and that the plea dated August 7, 2019, has been withdrawn.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By:

8/13/2019
Date

for ELIZABETH ALTMAN
Assistant United States Attorney

_____
Date

REBECCA MAGNONE
Trial Attorney
National Security Division

_____    8-13-19
JOSEPH A. BUGNI from PETER MOYERS  Date
Attorney for the Defendant

_____    8-13-19
JEREMY J. RYAN        Date
Defendant

Enclosure