IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                v.                18-cr-152-jdp-1

JEREMY J. RYAN,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Jeremy Ryan's supervised release was held on July 31, 2020, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel Joseph Bugni. Also present was U.S. Probation Officer Jelani Brown.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 12, 2020, following his conviction for prohibited transaction involving nuclear materials, in violation of 18 U.S.C. § 831(a)(1)(B) and (b)(1)(B)(ii). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of timed served (15 months) with a two-year term of supervised release to follow.

Defendant began his term of supervised release on February 12, 2020.

Defendant's term of supervised release was modified on April 22, 2020, when he violated

special condition No.17 requiring him to spend the first six months of supervision in a residential reentry center. The Court deleted that special condition concerning halfway house placement. The condition was replaced with a condition prohibiting him "from making any statement on social media that RVCP [Rock Valley Community Programs Inc.] has an outbreak of COVID-19; that RVCP officials are not responding to the threat of COVID-19; or that individuals should contact RVCP to protest its response to COVID-19."

Defendant is alleged to have violated the mandatory condition prohibiting him from committing another federal, state, or local crime. On June 25, 2020, defendant was arrested by the Dane County Sheriff's Office for making terrorist threats, unlawful use of a telephone, and unlawful use of computerized equipment. He is formally charged in Dane County, Wisconsin, Circuit Court Case No. 2020CF1612. He was released from the Dane County Jail on July 2, 2020, on a furlough for a funeral, and defendant failed to return to the Dane County Jail as directed. Although not alleged as a violation, defendant was charged with felony bail-jumping Dane County, Wisconsin, Circuit Court Case No. 2020CF1718 and this case also remains pending.

## CONCLUSIONS

Defendant's criminal history category is I. With a Grade B violation, defendant has an advisory guideline range of imprisonment four to ten months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. 3583(h) authorizes another term of supervised release to follow imprisonment.

Defendant's term of supervised release will be continued to allow defendant to fully engage in treatment and demonstrate that he is not a danger to the community. Defendant's supervised release conditions will be modified to include a condition which prohibits him from stalking, threatening, or harassing any individuals, particularly public officials.

ORDER

IT IS ORDERED that the hearing on the review of defendant's supervised release is CONTINUED.  The conditions of supervised release are modified to add the following special condition:

| SPECIAL CONDITION OF SUPERVISION | JUSTIFICATION |
|---|---|
| 18. Defendant shall have no contact or communication with Sheriff Mahoney; Defendant may not incite encourage or facilitate others to do so. | Based on defendant's noncompliance, including his disruptive conduct in the community, and the need to protect the community from similar conduct in the future. |
| 19 Defendant may not stalk, threaten, or harass any person; he may not incite, encourage, or facilitate others to do so. This condition applies to verbal, written, and electronic communication, including social media platforms. This condition does not prohibit defendant from engaging in lawful and peaceful protests, assemblies, and political activity. | Based on defendant's noncompliance, including his disruptive conduct in the community, and the need to protect the community from similar conduct in the future. |

The defendant is to comply with the mandatory conditions of supervised release, along with the standard and special conditions of supervised release imposed on February 12, 2020, and the additional special condition that was added on April 22, 2020, which were reasonably related

to the offense of conviction, his history and personal characteristics, and his demonstrated noncompliance with supervision.

Entered this 3rd day of August, 2020.

BY THE COURT:

/s/

James D. Peterson
District Judge